## CITY SAVINGS & TRUST CO v STANLEY & BISSELL, Inc et

Ohio Appeals, 2nd Dist, Franklin Co

No 2290.   Decided Nov 2, 1933

S. L. Geiger, Alliance, Donald C. Power, Columbus, Robert L. Barton, Columbus, and John L. Bricker, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendants in error.

Charles S. Druggan, Columbus, Amicus curiae.

## OPINION

By BARNES, J.

The plaintiff having set forth in its petition the claimed misrepresentation, the burden is upon it to not only establish by a preponderance of the evidence that the representation was made but also that it was untrue.

That the representation was made is admitted, but that it was untrue at the time made is an issuable fact.

We have gone over the record very carefully and it is our conclusion that the uncontradicted evidence very clearly establishes that J. R. Nutt was a stockholder of the Improvement Company at the time the representation was made. We are cognizant of the fact that Mr. Nutt testified that he had never subscribed for any stock, never agreed to take any stock, never attended any meetings and at no time was a stockholder. On first impression this evidence would appear to present an issue of fact which under the law must be left to the jury, but when we read further into the testimony of Mr. Nutt he admits that a certificate for seventy-five shares in the Improvement Company was delivered to him and that he received it, filed it in his office, kept it for a number of months and

finally endorsed it and returned it to Mr. James Metzenbaum, attorney for the Improvement Company, and from whom he says he received the certificate in the first instance. Mr. Nutt explains that his reason for endorsing and returning the certificate was that the Improvement Company was about to become indebted to the bank of which he was president, and it was contrary to his desires to have any stock ownership in a company while it was indebted to the bank. It also appears in evidence that the Improvement Company was indebted to the bank at the time or immediately following its incorporation and organization, but that that indebtedness was fully paid on or about December 24, 1924. He also says that the certificate was delivered to him after that date and under the condition as it then existed there was no real impediment in his own mind to his becoming a stockholder. The next indebtedness was June of the following year, on an obligation arranged for and dated in March. The stock certificate representing the seventy-five shares to Mr. Nutt was dated September 18, but it is very clear that it was not delivered at that time and Mr. Nutt's best recollection is that it was shortly after December 24th when the company's indebtedness was all paid off. Mr. Nutt also says that while he can not say definitely when the certificate was endorsed and returned by him, yet on reflection he thinks it is about right that it was at the time the company next became indebted.

There is much additional evidence of other witnesses taken in connection with Mr. Nutt's which would establish by a great preponderance that J. R. Nutt was a stockholder, but in determining this question we are not considering any evidence other than that introduced by plaintiff through the deposition of J. R. Nutt.

The positive statement made by Mr. Nutt that he was not and never had been a stockholder and so forth, was no doubt his honest conclusions and convictions, but under the detailed statements of all the circumstances surrounding this stock while in his hands, it very clearly denies his conclusions and further establishes that he was a stockholder.

While it is true, as a general rule, that a positive statement of a witness that he is not a stockholder or has no interest in a company, will be received as some evidence at least on that question, yet where this statement is followed by the witness of certain facts which positively establish the contrary, the denials become mere conclusions and are not evidence of any probative force. We think no doubt that Mr. J. R. Nutt was honest in the conclusions as represented by his evidence in his deposition, but his error was due to the fact that he did not correctly understand the law. A germane statement of the law may be made that when a man knowingly receives certificates of stock in a corporation, accepts it, files it away and keeps it for several months, and thereafter endorses and returns it to the individual from whom he received it, he can not be heard to say that he was not a stockholder in the company.

We recognize that the mere fact of delivery of the stock to Mr. Nutt would not constitute him a stockholder, but there was a duty resting upon him if he did not desire to become a stockholder and that would be to return it within a reasonable time. Of course, acceptance is always a necessary element of passing title, but long delay, as in this case, would amount to acceptance. The further fact that he endorsed it and returned it to Mr. Metzenbaum is evidence of the fact that he recognized title in him and the proper way to divest himself of such title was through endorsement. There is no requirement under the law that he should first subscribe for the stock or that he ever previously agreed to take the stock. He admits that Metzenbaum, director, attorney and stockholder, often talked to him about becoming a stockholder and the only objection he ever raised was because of his bank connection and the indebtedness of the company to the bank. His evidence that he never paid for the stock was not at all controlling. There might be circumstances under which he would be compelled to pay for it after receiving it and holding it for many months, or it might be considered as a recompense for services that he had rendered to the Improvement Company, in its general financial set-up. If J. R. Nutt had died and this certificate was found among his papers, would any question be raised by anybody that he was the owner of that stock?

Furthermore, if a situation had not arisen under which J. R. Nutt felt that he should not hold stock in a company when it was borrowing money from the bank of which he was president and he had continued to hold this stock indefinitely, would there be any claim made that he was not the owner of it? It was regular on its face and so far as the record shows there was never

any question of title except through his own mental reservations.

Arriving at the conclusion that the uncontradicted evidence establishes that Mr. Nutt was a stockholder at the time the representation and sale of stock was made, it is unnecessary to go further into the question as to the rule of damages. Plaintiff below has failed to present any evidence on a vital and necessary element of its case and therefore the judgment of the court below must be affirmed.

Counsel for plaintiff in error raises the question that this court can not consider the question of ownership of stock, for the reason that the trial court did not base its direction of verdict on that ground. We do not accept counsel's viewpoint. It is the duty of the reviewing court to determine whether or not the judgment is right and not the reasoning. As indicated above, it is our conclusion that the judgment was right. Exceptions will be allowed to the plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.